1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                UNITED STATES DISTRICT COURT
16
              NORTHERN DISTRICT OF CALIFORNIA
17
                   SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-03284-CRB
                                      )
21 *This document relates to*         )
                                      )   **PFIZER INC., PHARMACIA**
22 CLOTEAL SMITH, Individually and as Proposed )  **CORPORATION, AND G.D.**
   Representative of the Estate of JOHN SMITH, )  **SEARLE LLC'S ANSWER TO**
23 Deceased,                          )   **COMPLAINT**
                                      )
24              Plaintiff,            )   **JURY DEMAND ENDORSED**
                                      )   **HEREIN**
25        vs.                         )
                                      )
26 PFIZER, INC., PHARMACIA CORPORATION, )
   and G.D. SEARLE LLC, (FKA G.D. SEARLE & )
27 CO.),                              )
                                      )
28              Defendants.           )

Left margin (vertical): Gordon & Rees, LLP / 275 Battery Street, Suite 2000 / San Francisco, CA 94111

1        NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5  **I.**

6  **PRELIMINARY STATEMENT**

7        The Complaint does not state in sufficient detail when Decedent was prescribed or used

8  Celebrex® (celecoxib) ("Celebrex®").   Accordingly, this Answer can only be drafted

9  generally.  Defendants may seek leave to amend this Answer when discovery reveals the

10  specific time periods in which Decedent was prescribed and used Celebrex®.

11  **II.**

12  **ANSWER**

13        Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14  Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15  that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain periods

16  of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18  with their approval by the FDA.  Defendants admit that, during certain periods of time,

19  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent

27  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, marital status, and whether Plaintiff is the Administrator of Decedent's Estate, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the States of Arkansas or California and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Hawaii and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of Hawaii, Arkansas, or California and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants

1    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

2    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

3    Panel on Multidistrict Litigation on September 6, 2005.

4                          **Response to Factual Allegations**

5    12.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

7    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    13.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding Decedent's medical

11   condition or whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state

12   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

13   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

14   adequately described in its FDA-approved prescribing information, which was at all times

15   adequate and comported with applicable standards of care and law.  Defendants deny that

16   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

17   paragraph of the Complaint.

18   14.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

20   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny the remaining allegations in this

25   paragraph of the Complaint.

26   15.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

28   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

16.    Answering the second Paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

2    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

3    19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

4    towards Defendants and, therefore, no response is required. To the extent that a response is

5    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

6    allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

7    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

8    20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

9    towards Defendants and, therefore, no response is required. To the extent that a response is

10   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

11   allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

12   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

13   21.    Plaintiff's Complaint omits Paragraph Number 21.

14   22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

15   pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

16   required. To the extent a response is deemed required, Defendants state that, as stated in the

17   FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

18   be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

19   (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

20   cyclooxygenase-1 (COX-1) isoenzyme." Plaintiff fails to provide the proper context for the

21   remaining allegations in this paragraph and Defendants therefore lack sufficient information or

22   knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

23   allegations in this paragraph of the Complaint.

24   23.    Defendants state that the allegations in this paragraph of the Complaint regarding

25   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

26   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

27   the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

28   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

2  humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants

3  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

4  approved prescribing information. Defendants state that the potential effects of Celebrex®

5  were and are adequately described in its FDA-approved prescribing information, which was at

6  all times adequate and comported with applicable standards of care and law. Defendants deny

7  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

8  24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

9  Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

10  approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

11  osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

12  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

13  reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

14  ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

15  the remaining allegations in this paragraph of the Complaint.

16  25.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

17  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

20  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

21  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

22  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

23  accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

24  and effective when used in accordance with its FDA-approved prescribing information.

25  Defendants state that the potential effects of Celebrex® were and are adequately described in its

26  FDA-approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

26.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that the referenced FDA Update speaks for itself and respectfully refer the Court to the FDA Update for its actual language and text.  Any attempt to characterize the FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Plaintiff's Complaint omits Paragraph Number 32.

33.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.     Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

37.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

38.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

50.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

51.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

2  referenced study speaks for itself and respectfully refer the Court to the study for its actual

3  language and text.  Any attempt to characterize the study is denied.  Defendants deny the

4  remaining allegations in this paragraph of the Complaint.

5  55.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

6  Complaint are not directed toward Defendants, and therefore no response is required.  To the

7  extent that a response is deemed required, Plaintiff fails to provide the proper context for the

8  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

9  of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

10  belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

11  referenced study speaks for itself and respectfully refer the Court to the study for its actual

12  language and text.  Any attempt to characterize the study is denied.  Defendants state that the

13  referenced article speaks for itself and respectfully refer the Court to the article for its actual

14  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

15  remaining allegations in this paragraph of the Complaint.

16  56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants deny the allegations in this

18  paragraph of the Complaint.

19  57.    Defendants state that the referenced article speaks for itself and respectfully refer the

20  Court to the article for its actual language and text.  Any attempt to characterize the article is

21  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  58.    Defendants state that allegations in this paragraph of the Complaint are not directed

23  toward Defendants, and therefore no response is required.  To the extent that a response is

24  deemed required, Defendants state that the referenced article speaks for itself and respectfully

25  refer the Court to the article for its actual language and text.  Any attempt to characterize the

26  article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  59.    Defendants deny the allegations in this paragraph of the Complaint.

28  60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

61.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

62.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

2   of the Complaint.

3   66.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

4   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

5   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

6   Defendants deny the remaining allegations in this paragraph of the Complaint.

7   67.    Defendants state that the referenced article speaks for itself and respectfully refer the

8   Court to the article for its actual language and text.  Any attempt to characterize the article is

9   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  68.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

11  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

12  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

19  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

20  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

22  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

23  United States to be prescribed by healthcare providers who are by law authorized to prescribe

24  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

25  allegations in this paragraph of the Complaint.

26  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

ANSWER TO COMPLAINT – 3:07-cv-03284-CRB

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

3   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

6   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

7   United States to be prescribed by healthcare providers who are by law authorized to prescribe

8   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

9   prescription medication which is approved by the FDA for the following indications: (1) for

10  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

11  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

12  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

13  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

14  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

15  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

16  and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint.

18  71.   Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which at all times was adequate and comported with applicable standards of care and law.

22  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

23  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

24  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

25  that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

26  72.   Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

3    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

6    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

7    United States to be prescribed by healthcare providers who are by law authorized to prescribe

8    drugs in accordance with their approval by the FDA.    Defendants deny the remaining

9    allegations in this paragraph of the Complaint.

10   73.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which at all times was adequate and comported with applicable standards of care and law.

14   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

15   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

16   law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants

17   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

18   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

19   United States to be prescribed by healthcare providers who are by law authorized to prescribe

20   drugs in accordance with their approval by the FDA.    Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22   74.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   75.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny the allegations in this paragraph of the Complaint.

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   remaining allegations in this paragraph of the Complaint.

2   81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Celebrex® are and were adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7   the Complaint.

8   82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® are and were adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

13  the study for its actual language and text.  Any attempt to characterize the study is denied.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  83.    Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint.

18  84.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

20  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21  effective when used in accordance with its FDA-approved prescribing information.  Defendants

22  state that the potential effects of Celebrex® are and were adequately described in its FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25  remaining allegations in this paragraph of the Complaint.

26  **Response to First Cause of Action: Negligence**

27  85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

28  Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

86.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information. Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    90.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information. Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   91.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

15   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information. Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

20   Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations

21   in this paragraph of the Complaint.

22   92.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

24   medical conditions and whether Decedent used Celebrex®, and, therefore, deny the same.

25   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent

26   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

27   93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

28   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

Complaint.

94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

96.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2  effective when used in accordance with its FDA-approved prescribing information.  Defendants

3  state that the potential effects of Celebrex® were and are adequately described in its FDA-

4  approved prescribing information, which was at all times adequate and comported with

5  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

6  Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

7  and deny the remaining allegations in this paragraph of the Complaint.

8  104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  105.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

16  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21  Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations

22  in this paragraph of the Complaint.

23  106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

112.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    approved prescribing information, which was at all times adequate and comported with

2    applicable standards of care and law.  Defendants admit that they provided FDA-approved

3    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

4    this paragraph of the Complaint.

5    114.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

7    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Celebrex® were and are adequately described in its FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants admit that they provided FDA-approved

12   prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

13   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

14   115.    Defendants admit that they provided FDA-approved prescribing information regarding

15   Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16   paragraph of the Complaint.

17   116.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   117.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.    Defendants deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

123.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

2    the remaining allegations in this paragraph of the Complaint.

3    125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants admit that they provided FDA-approved prescribing information regarding

8    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9    126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny the remaining allegations in this paragraph of the Complaint.

14   127.    Defendants state that this paragraph of the Complaint contains legal contentions to

15   which no response is required.  To the extent that a response is deemed required, Defendants

16   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

17   approved prescribing information.  Defendants state that the potential effects of Celebrex®

18   were and are adequately described in its FDA-approved prescribing information, which was at

19   all times adequate and comported with applicable standards of care and law.  Defendants deny

20   any wrongful conduct, deny that they breached any warranty, and deny the remaining

21   allegations in this paragraph of the Complaint.

22   128.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

24   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

25   medication which is approved by the FDA for the following indications: (1) for relief of the

26   signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

27   arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

28   primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

2    surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

3    signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    129.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

7    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Celebrex® were and are adequately described in its FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants admit that they provided FDA-approved

12   prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

13   this paragraph of the Complaint.

14   130.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

16   Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case,

17   Celebrex® was expected to reach users and consumers without substantial change from the

18   time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19   131.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

21   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

26   breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

27   132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

28   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

136.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

137.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

139.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

1    remaining allegations in this paragraph of the Complaint.

2    143.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

4    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

9    remaining allegations in this paragraph of the Complaint.

10    144.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

12    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13    effective when used in accordance with its FDA-approved prescribing information.  Defendants

14    state that the potential effects of Celebrex® were and are adequately described in its FDA-

15    approved prescribing information, which was at all times adequate and comported with

16    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17    remaining allegations in this paragraph of the Complaint.

18    145.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

20    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21    effective when used in accordance with its FDA-approved prescribing information.  Defendants

22    state that the potential effects of Celebrex® were and are adequately described in its FDA-

23    approved prescribing information, which was at all times adequate and comported with

24    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25    remaining allegations in this paragraph of the Complaint.

26    146.    Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

28    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

152.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

1   state that the potential effects of Celebrex® were and are adequately described in its FDA-

2   approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4   remaining allegations in this paragraph of the Complaint.

5   158.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

6   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

7   Complaint.

8   **Response to Seventh Cause of Action:**

9   **State Consumer Fraud and Deceptive Trade Practices Act**

10  158.    Answering the second Paragraph 158 in the Complaint, Defendants incorporate by

11  reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

12  159.    Plaintiff's Complaint omits Paragraph Number 159.

13  160.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is required.  To the extent that a response is deemed required, Defendants

15  admit that they had duties as are imposed by law but deny having breached such duties.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  161.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

19  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  162.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

27  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action:  State Suppliers Liability Statute**

172.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

174.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

1   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

2   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

3   175.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

8   dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

9   subparts.

10   176.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

12   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   state that the potential effects of Celebrex® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17   Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

18   and deny the remaining allegations in this paragraph of the Complaint.

19   177.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24   remaining allegations in this paragraph of the Complaint.

25   178.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

27   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-40-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

4  Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

5  and deny the remaining allegations in this paragraph of the Complaint.

6  179.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7  with its FDA-approved prescribing information.  Defendants state that the potential effects of

8  Celebrex® were and are adequately described in its FDA-approved prescribing information,

9  which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  180.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  181.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  182.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

28  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

1   effective when used in accordance with its FDA-approved prescribing information. Defendants

2   state that the potential effects of Celebrex® were and are adequately described in its FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

5   remaining allegations in this paragraph of the Complaint.

6   183.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

7   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

8   Complaint.

9   184.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

10  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

11  Complaint.

12  185.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

13  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

14  Complaint.

15  186.   Defendants state that this paragraph of the Complaint contains legal contentions to

16  which no response is required. To the extent that a response is deemed required, Defendants

17  deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or

18  damage, and deny the remaining allegations in this paragraph of the Complaint.

19  187.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

20  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

21  Complaint.

22  **Response to Ninth Cause of Action: Unjust Enrichment**

23  188.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's

24  Complaint as if fully set forth herein.

25  189.   Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required. To the extent that a response is deemed required, Defendants

27  admit that they had duties as are imposed by law but deny having breached such duties.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

190.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

191.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

192.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

193.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

194.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

195.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

196.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

197.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

198.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

199.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

200.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Complaint that have not been previously admitted, denied, or explained.

## IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Seventh Defense**

2     7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff and Decedent

3     were contributorily negligent, actively negligent or otherwise failed to mitigate their damages,

4     and any recovery by Plaintiff should be diminished accordingly.

5     **Eighth Defense**

6     8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or

7     omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

8     part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

9     liable in any way.

10     **Ninth Defense**

11     9.     The acts and/or omissions of unrelated third parties as alleged constituted independent,

12     intervening causes for which Defendants cannot be liable.

13     **Tenth Defense**

14     10.     Any injuries or expenses incurred by Plaintiff or Decedent were not caused by

15     Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

16     operation of nature, or act of God.

17     **Eleventh Defense**

18     11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

19     **Twelfth Defense**

20     12.     A manufacturer has no duty to warn patients or the general public of any risk,

21     contraindication, or adverse effect associated with the use of a prescription medical product.

22     Rather, the law requires that all such warnings and appropriate information be given to the

23     prescribing physician and the medical profession, which act as a "learned intermediary" in

24     determining the use of the product.  Celebrex® is a prescription medical product, available only

25     on the order of a licensed physician.  Celebrex® provided an adequate warning to Decedent's

26     treating and prescribing physicians.

27     **Thirteenth Defense**

28     13.     The product at issue was not in a defective condition or unreasonably dangerous at the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    time it left the control of the manufacturer or seller.

2    **Fourteenth Defense**

3    14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

4    for its intended use and the warnings and instructions accompanying Celebrex® at the time of

5    the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

6    **Fifteenth Defense**

7    15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

8    Celebrex® allegedly ingested by Plaintiff and Decedent was prepared in accordance with the

9    applicable standard of care.

10    **Sixteenth Defense**

11    16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or

12    abnormal use of the product Celebrex® after the product left the control of Defendants and any

13    liability of Defendants is therefore barred.

14    **Seventeenth Defense**

15    17.    Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on

16    the part of Defendants.

17    **Eighteenth Defense**

18    18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of

19    preexisting or subsequent conditions unrelated to Celebrex®.

20    **Nineteenth Defense**

21    19.    Plaintiff and Decedent knew or should have known of any risk associated with

22    Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

23    **Twentieth Defense**

24    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

25    preempted in accordance with the Supremacy Clause of the United States Constitution and by

26    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

27    **Twenty-first Defense**

28    21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the subject pharmaceutical product at issue was subject to and received pre-market approval by

2    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

3                                    **Twenty-second Defense**

4    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

5    Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

6    and Plaintiff's causes of action are preempted.

7                                     **Twenty-third Defense**

8    23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

9    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

10   issue under applicable federal laws, regulations, and rules.

11                                   **Twenty-fourth Defense**

12   24.    Plaintiff's claims are barred in whole or in part because there is no private right of

13   action concerning matters regulated by the Food and Drug Administration under applicable

14   federal laws, regulations, and rules.

15                                    **Twenty-fifth Defense**

16   25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

17   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

18   of Comment j to Section 402A of the Restatement (Second) of Torts.

19                                    **Twenty-sixth Defense**

20   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

21   because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

22   Restatement (Second) of Torts § 402A, Comment k.

23                                   **Twenty-seventh Defense**

24   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

25   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

26   to § 6 of the Restatement (Third) of Torts: Products Liability.

27                                   **Twenty-eighth Defense**

28   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Products Liability.

2  **Twenty-ninth Defense**

3  29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

4  facts sufficient under the law to justify an award of punitive damages.

5  **Thirtieth Defense**

6  30.    Defendants affirmatively aver that the imposition of punitive damages in this case

7  would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

8  the United States Constitution, Article 2, § 8 of the Constitution of the State of Arkansas, and

9  the Constitution of the State of California, and would additionally violate Defendants' rights to

10  substantive due process under the Fourteenth Amendment of the United States Constitution.

11  **Thirty-first Defense**

12  31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

13  Fourteenth Amendments to the United States Constitution.

14  **Thirty-second Defense**

15  32.    The imposition of punitive damages in this case would violate the First Amendment to

16  the United States Constitution.

17  **Thirty-third Defense**

18  33.    Plaintiff's punitive damage claims are preempted by federal law.

19  **Thirty-fourth Defense**

20  34.    In the event that reliance was placed upon Defendants' nonconformance to an express

21  representation, this action is barred as there was no reliance upon representations, if any, of

22  Defendants.

23  **Thirty-fifth Defense**

24  35.    Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged

25  nonconformance to any express representation.

26  **Thirty-sixth Defense**

27  36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

28  proof of causation, the claims violate Defendants' rights under the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Arkansas and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

1   *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

2   (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

4   39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

5   and marketing of Celebrex®, if any, used in this case, included adequate warnings and

6   instructions with respect to the product's use in the package insert and other literature, and

7   conformed to the generally recognized, reasonably available, and reliable state of the

8   knowledge at the time the product was marketed.

### Fortieth Defense

10  40.     The claims asserted in the Complaint are barred because Celebrex® was designed,

11  tested, manufactured and labeled in accordance with the state-of-the-art industry standards

12  existing at the time of the sale.

### Forty-first Defense

14  41.     If Plaintiff or Decedent has sustained injuries or losses as alleged in the Complaint,

15  upon information and belief, such injuries and losses were caused by the actions of persons not

16  having real or apparent authority to take said actions on behalf of Defendants and over whom

17  Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19  42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

23  43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

### Forty-fourth Defense

26  44.     Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the

27  result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

28  diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

and Decedent, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff and Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

injuries and damages, if any, of Plaintiff and Decedent.

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.     Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.     Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1431.2.

### Fifty-seventh Defense

57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.     Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

### Fifty-ninth Defense

59.     Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixtieth Defense

60.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

### Sixty-first Defense

61.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

-54-

1    5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

2          than an amount which equals their proportionate share, if any, of the total fault or other

3          liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

4    6.    That Defendants have such other and further relief as the Court deems appropriate.

5

6    September 19, 2007                              GORDON & REES LLP

7

8                                                   By: :_____/s/_____
                                                       Stuart M. Gordon
9                                                      sgordon@gordonrees.com
                                                       Embarcadero Center West
10                                                     275 Battery Street, 20th Floor
                                                       San Francisco, CA 94111
11                                                     Telephone:  (415) 986-5900
                                                       Fax:  (415) 986-8054
12

13   September 19, 2007                              TUCKER ELLIS & WEST LLP

14

15                                                  By: :_____/s/_____
                                                       Michael C. Zellers
16                                                     michael.zellers@tuckerellis.com
                                                       515 South Flower Street, Suite 4200
17                                                     Los Angeles, CA 90071
                                                       Telephone:  (213) 430-3400
18                                                     Fax:  (213) 430-3409

19                                                     Attorneys for Defendants
                                                       PFIZER INC, PHARMACIA
20                                                     CORPORATION, and G.D. SEARLE
                                                       LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  September 19, 2007                              GORDON & REES LLP

6

7                                                 By: :_____/s/_____
                                                      Stuart M. Gordon
8                                                     sgordon@gordonrees.com
                                                      Embarcadero Center West
9                                                     275 Battery Street, 20th Floor
                                                      San Francisco, CA  94111
10                                                    Telephone:  (415) 986-5900
                                                      Fax:  (415) 986-8054
11

12  September 19, 2007                              TUCKER ELLIS & WEST LLP

13

14                                                 By: :_____/s/_____
                                                      Michael C. Zellers
15                                                    michael.zellers@tuckerellis.com
                                                      515 South Flower Street, Suite 4200
16                                                    Los Angeles, CA 90071
                                                      Telephone:  (213) 430-3400
17                                                    Fax:  (213) 430-3409

18                                                    Attorneys for Defendants
                                                      PFIZER INC, PHARMACIA
19                                                    CORPORATION, and G.D. SEARLE
                                                      LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111